Baker *v.* Bartol.

---

## BAKER *v.* BARTOL.

Where plaintiff filed a bill in equity for the appointment of a receiver and other relief, and the Court refused to appoint a receiver on condition that defendant file a bond to account as receiver, which defendant did, a judgment for twenty thousand dollars was rendered against defendant in this suit, and proper demand being made and refused, suit was brought by plaintiff on the bond, which was made payable to the People of the State of California: *Held,* that the plaintiff could recover thereon.

The defendant having received the benefit of this bond, is estopped from denying its legality.

A plaintiff being the real party in interest, has a right to sue upon the bond, though made payable to the People of the State.

APPEAL from the Superior Court of the City of San Francisco.

Baker having commenced a suit in equity against Bartol, praying for the appointment of a receiver, and other relief, the Superior Court made an order therein, at the suggestion of Bartol's counsel, that if Bartol, within five days, filed a bond conditioned to account in the sum of sixteen thousand dollars, the motion for a receiver would be denied. Bartol accordingly filed such bond, signed by himself as principal, and J. L. Riddle and I. Ward Eaton, as sureties, which bond was made payable to the People of the State of California. In this suit, a final decree having been rendered against Bartol for the sum of nineteen thousand nine hundred and twenty-five dollars and sixty-five cents, and two hundred and twenty-three dollars and eighty cents costs, a copy of such decree was served upon the makers of the bond, and payment demanded, which being refused, plaintiff brought this suit thereon. Ward and Riddle denied their liability, on the ground that the bond being payable to the State of California, plaintiff had no right to sue thereon, and that the order of the Superior Court, requiring Bartol to file the bond, was void. Judgment was rendered in favor of plaintiff. Defendants moved for a new trial, which being denied, they appealed.

*Channing G. Fenner* for Appellants.

The Court had no authority to compel or direct the giving of such a bond by one of the defendants in this suit. It was an illegal exaction of the defendant Bartol on the part of the Court, and therefore void. See 1 Hill's Rep., 343. This was a case where a bond was taken from the plaintiff for costs, by a Court of Special Sessions, without any authority; on error, the Court above held the same to be void. See also 1 Hill's Rep., 298. A bond imposing further obligations than those authorized by law, is void for illegality. Thompson v. Lockwood, 15 John., 255; Bank of Buffalo v. Boughton, inp., 21 Wend., 57. A bond taken in this case was unauthorized and held to be void. 1 Cal. R., 165. The exacting of this bond amounts to nothing more nor less than making the defendant before trial give approved security for the payment of any judgment which may be recovered against him. Such a proceeding cannot be upheld.

It may be said that this is a good voluntary common law bond, and the defendants are estopped from setting up any defence to it. This is not the case; it is not a common law bond. Neither are the defendants estopped from setting up their defence to it. It is an involuntary bond, given under the direction of the Court, without any legal authority.

The bond is given to the People of the State of California. The action is brought in the name of Henry Baker, plaintiff in the action. Now, how can a bond be given to one person, and sued by another? A suit upon a bond can only be maintained by the obligor or his legal representatives. 2 Day, 559; Saunders v. Tully, 12 Pick., 554. This objection is fatal.

Henry Baker has no color of right to bring a suit upon this bond, given to the People of the State of California. No authority has been given him so to do. Commonwealth v. Hatch, 5 Mass., 191; 4 ib., 68; 13 ib., 263.

*Shafter* for Respondents.

By the general rule, "Every action must be prosecuted in the name of the real party in interest."

That the plaintiff is the party really in interest is averred in the complaint, and it is not denied in the answer, and the truth of the averment is manifest on the face of the bond.

If this should be regarded as a case within the sixth section of the Practice Act, then it is insisted that the word "may," in that section is not compulsory, but permissive merely.

"May," in a statute means must, or shall, in those cases only, where the public, or third persons have a claim *de jure* to have the power exercised. But where no public right is concerned, but private interests only, the word clothes the interested party with a discretion. 5 John. Ch., 101, N. and C. Turnpike Road v. Miller et al.; 1 Pet., 64, Minor v. The Mechanics' Bank; 5 Cow., 188, Malcolm v. Rogers; 2 Salk., 609, Rex v. Barlow; 3

Atk., 164, Attorney-General v. Lock; 1 Vernon, 152, Black-well's Case; Skinner, 370, King v. Inhabitants of Derby; 3 Hill, 612, The Mayor of New York v. Furze; 1 Dowl. & Ryl., 148, The King, etc. v. Mayor of Hastings; see Smith's Com. on Con. and Stat. Construction, § 585, et seq.

By the old rule in equity, trustees and beneficiaries should always join and be joined, but compliance with this rule was not unfrequently attended with much inconvenience, hence the legislation authorizing the beneficiaries to sue alone, as being the real parties in interest, and trustees to sue alone when, as a matter of convenience to parties, it should be deemed advisable.

It is insisted that the bond is good as a voluntary bond, on the principles of the common law.

The order under which the bond was given was not mandatory even, but presented two alternatives, and left Bartol free to choose between them.

The Court had power to present these alternatives. 8 Paige, 565; The Sea Ins. Co. v. Stebbing et al.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This is an appeal from an order overruling a motion for a new trial. The plaintiff filed a bill in equity against Bartol and others, to enforce an interest in a trust-fund, which had been assigned to Bartol, alleging fraud, etc., and prayed for a receiver, pending the litigation. The Court below refused the order for a receiver, provided said Bartol would file a bond to account as receiver for all goods and moneys which had come into his possession, belonging to the defendants, and to pay them over according to the decree of the Court. A bond was given in conformity with the order of the Court, payable to the State of California; a judgment for twenty thousand dollars was rendered against the defendants, a copy of which was served on Bartol, and payment demanded, which was refused, and thereupon this suit was brought upon the bond.

The appellants contend—

1. That they are not liable, because the Court had no power to exact a bond from Bartol; and,

2. That the suit should have been brought in the name of the State.

It is true that the Court had no power to compel the defendant to execute the bond in question, but it undoubtedly had the power to appoint a receiver, and if Bartol chose to execute a bond, rather than pay the money over to the officer of the Court, it was a voluntary act upon his part, and the bond was good as a common law bond. In this respect, he is not to be considered as a receiver or officer of the Court, but as party who, for a per-

sonal accommodation, has assumed a legal responsibility, and after receiving its benefits on his part, should be estopped from denying its legality.

This view of the case disposes of several objections to the judgment, arising out of the supposed nature of the contract of the sureties.

The second ground of error is untenable. Formerly, where a bond was given to an officer, State, or corporation, suit had to brought in the name of the party holding the legal title, for the benefit of the persons interested, but our statute has introduced a new rule, and by the provisions of the Practice Act, the suit must be prosecuted in the name of the real party in interest. The declaration and bond show, beyond all doubt, that Baker, the present plaintiff, is the true party in interest, and there was no error in declaring in his own name.

Judgment affirmed.