Points decided.

# EBENEZER WORMOUTH v. THEODORE H. HATCH AND RICHARD M. BRANDON.

33  121
124  512
33  121
134  601
33  121
146  18

STATUTE OF LIMITATIONS.—An action cannot be maintained to enforce a mortgage given to secure a note, if at the time the action is commenced more than four years have transpired since the note fell due, and this fact appears on the face of the complaint, or the Statute of Limitations is pleaded.

IDEM.—A complaint containing such a statement of facts shows upon its face that the note was outlawed, and in case of the submission of such a case upon the pleadings, judgment was properly rendered for defendants.

PROMISE TO THIRD PARTY.—Where the obligation, with which it is sought to affect defendants personally, arises out of an alleged promise given by them to W. and A. Elder, of whom they bought the land mortgaged by Pangburn to plaintiff, that they would pay a portion of the purchase money, equal to the amount due or to grow due upon the note given by Pangburn to plaintiff and secured by said mortgage, this is not a promise to pay the debt of another, nor to pay the Pangburn note, but an original promise by them to the Elders, to pay their own debt to them, by paying a certain amount of money to plaintiff. If such promise was given, plaintiff could recover upon it as the party beneficially interested.

MORTGAGE LIEN FOUNDED UPON PROMISE TO THIRD PARTY.—If, in connection with such promise by defendants to the Elders to pay to plaintiff the amount of the Pangburn note as part of the purchase price of the land bought by them of said Elders, they further agreed with the Elders that the mortgage, given by Pangburn to plaintiff upon said land to secure the payment of said note, should remain a lien thereon as security for defendants' said promise, plaintiff might, as the party beneficially interested, enforce such agreement as a lien upon said land. In such a case, the right of action is not upon the Pangburn mortgage, but upon said promises; but as the averments of plaintiff's complaint setting up said promises are both denied by defendants in their answer, and as the cause was submitted without proof, offered or received, upon them, judgment was properly rendered for defendants.

LEGAL CONCLUSIONS AND EVIDENCE IN PLEADING, NOT ISSUABLE FACTS. — The averment in the complaint " that defendants took the land subject to the Pangborn mortgage," is but a conclusion of law, and defendants might safely omit to traverse it.

IDEM.—So, too, the averments in complaint that the defendants paid interest for a time to plaintiff on the Pangburn note, and that they have always admitted their liability to pay it and the principal also, etc., are at the most but evidence to prove the original undertaking of the defendants upon which the action is based, and as averments of evidence, and not of facts, the defendants were not obliged to traverse them.

IDEM.—But should it be considered that these averments bear upon the Statute of Limitations, relied upon as a defence to the action, they are all mere *evidence* of the statute avoidance of the bar, except the allegation that " the defendants have always admitted their liability to pay the principal and interest on the

Pangburn note and mortgage." This allegation might, perhaps, suffice to remove the bar, did it not affirmatively appear on the face of the complaint that the defendants were never, in fact, liable upon the note, hence no traverse of these allegations by defendants was necessary.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This action was commenced in said Court February 6th, 1866.

The plaintiff avers, substantially, in complaint, (in addition to the facts stated in the opinion of the Court,) that W. and A. Elder became, by several conveyances to each, the purchasers of the property described in the Pangburn mortgage on and before September 7th, 1862; that a part of the consideration of said purchase by, and conveyance to, said Elders, was the amount due and to grow due on the Pangburn note and mortgage, and that said property was to be held under said mortgage as a lien and security for the payment of said sums; and that, until the conveyance of said property to defendants, said Elders paid to plaintiff the accruing interest upon said note, and admitted to plaintiff their liability for the same and the principal sum of the note.

The plaintiff further alleges " that on the 17th of November, 1864, the said Elders, for the consideration of the sum of two thousand two hundred dollars, therein expressed, sold, and by their deed of conveyance conveyed the said premises in fee, and all their right, title, and interest therein, to the said defendants, subject to the said mortgage and the amount then due thereon, and that the amount then due for principal and interest thereon did make and form a part of the consideration money and purchase price for the said last mentioned sale of the said premises, and after the payment of the said sum of two thousand two hundred dollars, expressed in said deed of conveyance by the said defendants to the said Elders; and upon the like information and belief this plaintiff charges that it was then and there agreed, as part of the said purchase price upon such sale and convey-

ance, that the said defendants should and were bound to pay the amount then due and thereafter to grow due upon the said instrument and mortgage, to the said plaintiff, and that they were to be held as security, and the mortgage to remain as a lien upon the said premises for the payment of the said amount so due for principal and interest upon the said instrument and mortgage.

" And this plaintiff further shows that after the said premises were so conveyed to the said defendants, they, the said defendants, paid all the interest which was then due upon the said instrument, and have regularly paid the interest which has since become due thereon, including the month of January, 1866, and that the said defendants have always admitted their liability to pay the said interest so due thereon and the principal sum of the said instrument and mortgage."

The prayer of the complaint demands that the Court will ascertain the amount due plaintiff on said note and for costs of suit, and decree the sale of said mortgaged property ; and the payment to plaintiff, out of the proceeds of said sale, of the said amount found due, and his costs of said sale, and for general relief.

Defendants, in answer, denied all the foregoing facts, and pleaded the Statute of Limitations in bar of the action.

On the trial of this cause, the note and mortgage described in the complaint were put in evidence, which was all the evidence offered by either party. And the cause having been submitted upon the pleadings, a judgment was rendered and entered in favor of the defendants. Plaintiff appealed.

The other facts are stated in the opinion of the Court.

*John Reynolds,* for Appellant.

The lien of the mortgage was continued by the agreements of the several purchasers from the first purchaser to the defendants. The several purchases were each made subject to this mortgage, and the amount thereof constituted a part of the consideration and purchase price. The purchaser thus

became liable, as between himself and his grantor, to pay the mortgage, and could have been compelled to do so, and thus discharge the grantor from his liability to pay a debt, for the payment of which he had conveyed property to his grantee. And he would become fully substituted at the election of the mortgagee. (*Baker* v. *Bucklin,* 2 Denio, 45; Chitty on Cont. 54–5; Fonb. Eq. 419; 1 Johns. Ch. 129; *Neilson* v. *Blight,* 1 Johns. Cas. 205.) And the payment of interest and conduct of the respective purchasers, as detailed in the complaint and admitted by the answer, it is submitted, amounted to such election. As to the admission of liability and payment of interest, and the sufficiency of this averment, see *Porter* v. *Elam,* 25 Cal. 291. But whether they operated to shift the debt to the purchaser, so as to discharge the original debtor, or not, they revived the lien, which is a distinct obligation and contract from the note which it secures. (*Low* v. *Allen,* 26 Cal. 141; *Lent* v. *Grogan,* 27 Cal.) Whatever is sufficient as an acknowledgment of the debt, is sufficient as an acknowledgment of a subsisting lien. The acts of defendants were sufficient to take the case out of the operations of the Statute of Limitations. (*Barron* v. *Kennedy,* 17 Cal. 574.)

The admitted averments that the amount of the mortgage formed part of the consideration and purchase price of the land at defendants' purchase, and that they paid the interest to plaintiff, and always admitted their liability to pay both interest and principal of said mortgage, created and kept alive an obligation to pay the amount of the principal and interest of the mortgage to the plaintiff. The amount of this mortgage formed a part of the consideration and purchase price, and it would seem too clear to admit of debate, that it must be treated, in equity, as money in their hands, left with them to pay this debt with, or that the property itself, for which this amount to be paid by defendants was the consideration, was a trust in their hands for that purpose. And it is of no consequence that they deny in their answer that they

promised to pay the mortgage, since they admit all the facts creating the liability.

*Grey & Brandon,* for Respondents.

The appellant claims on the pleadings; and if the answer, in any part, contains a distinct denial of a fact material to plaintiff's recovery, the plaintiff is not entitled to judgment on the pleadings. (22 Cal. 539.) Plaintiff's claim is a note, made by Pangburn, and a mortgage (duly recorded February 29th, 1860) made by him to secure this note. This mortgage he seeks to foreclose against the defendants, who have become the owners of the land by mesne conveyances through various parties. The note on which suit is brought was due September 1st, 1860, and suit commenced February 6th, 1866. The defendants in their answer set up the bar of the Statute of Limitations. Unless, then, there are allegations in the complaint which are not denied by the answer, which will take the case out of the operation of the statute, the plaintiff is not entitled to judgment.

The complaint alleges that on the 17th November, 1864, (after the note set out in the complaint was barred,) the Elders, for the consideration of the sum of two thousand two hundred dollars, sold and conveyed by deed the premises to the defendants, subject to the mortgage and the amount due thereon, and that the amount due thereon formed a part of the consideration money for such sale. This is an allegation of a conclusion of law as to the property being subject to the mortgage. The ultimate facts averred in the complaint being denied, it was not necessary for respondents to traverse averments of evidence or conclusions of law. (*Moore* v. *Murdock,* 26 Cal. 515; *Canfield* v. *Tobias,* 21 Cal. 349; *Murphy* v. *Napa Co.,* 20 Cal. 498, 503; *Green* v. *Palmer,* 15 Cal. 412; *Payne & Dewey* v. *Treadwell,* 16 Cal. 223, 243, 244; *Grewell* v. *Walden,* 23 Cal. 169, 170; *Willson* v. *Cleveland,* 30 Cal. 192; *Larco* v. *Casaneuava,* 30 Cal. 560; *Patterson* v. *Keystone Mining Co.,* 30 Cal. 360.) So far, then, as the note and mort-

gage of Pangburn are concerned, they are barred by the Statute of Limitations as against him, and these defendants have the right to plead the statute. (*Lord* v. *Morris,* 18 Cal. 484; *McCarthy* v. *White,* 21 Cal. 501; *Low* v. *Allen,* 26 Cal. 141; *Lent* v. *Shear,* 25 Cal. 361.) The payment of interest on a note does not renew a note or mortgage; the acknowledgment must be in writing. (*Fairbanks* v. *Dawson,* 9 Cal. 89; *Barron* v. *Kennedy,* 17 Cal. 574; *Pena* v. *Vance,* 21 Cal. 142; *Heinlin* v. *Castro,* 22 Cal. 100; *Lent* v. *Morrill,* 25 Cal. 498.)

By the Court, SHAFTER, J.:

In foreclosure. It is charged in the complaint that one Pangburn and wife executed on the 29th of February, 1860, a mortgage to the plaintiff to secure Pangburn's note of that date for the sum of three thousand eight hundred dollars, with interest, payable to the plaintiff or order in six months after date. That the title to the land passed through a series of conveyances from Pangburn to the defendants, the title vesting in them on the 17th of November, 1864, one and one half months after the note was barred. Should it be considered that this Pangburn mortgage is the one for the foreclosure of which the action is brought, the action cannot be maintained, for not only is the Statute of Limitations specially pleaded, but the fact that the mortgage note was outlawed at the commencement of the action is apparent on the face of the complaint. There is no averment that the note was ever renewed by Pangburn, who alone could renew it by legal possibility, nor is there any other fact averred bringing the securities within any exception of the statute. Therefore, should the plaintiff's case, as presented in the complaint, be considered as based upon those securities, it is obvious that on the pleadings, and it was on them the case was submitted, judgment was properly entered for the defendants.

But we consider that the action is not based upon the

Pangburn note and mortgage. Those securities are stated in the complaint as matters forming a part of the history of a general transaction rather than as matters of essential averment. The defendants are not connected with the note, collaterally even, by an allegation that they undertook to pay it as the debt of another. On the contrary, the obligation with which it is sought to affect them personally is an alleged promise given by them to W. and A. Elder, of whom they bought the land, that they would pay to the plaintiff a portion of the purchase money equal to the amount due or to grow due upon the Pangburn note. Such promise, if given, was not an undertaking on the part of the defendants to pay the note of Pangburn, but a new and original promise by them to the Elders to pay their own debt to them by paying a certain amount of money to the plaintiff. If such promise was in fact given, the plaintiff could sue upon it as the party beneficially interested. (Prac. Act, Sec. 4 ; *Baker* v. *Bartol,* 7 Cal. 551.) To this contract Pangburn was an entire stranger. His mortgage had no relation to it, nor had his note, except as the amount due upon it was made the measure of the sum to be paid by the defendants to the plaintiff in part liquidation of their private indebtedness to the Elders. Nor did that note enter into the consideration of the defendants' undertaking ; that consideration lay altogether in the sale and conveyance of the lands by the Elders to the defendants. After alleging the new and original promise of the defendants to their immediate grantors, it is averred that it was further agreed by the defendants that the Pangburn mortgage should remain a lien upon the premises as security for the defendants' promise. If this is not the case intended to be made, then it must be upon the Pangburn note and mortgage, already considered and disposed of. But under this second aspect, the vital averments are the promise of the defendants to the Elders, binding themselves personally, and the agreement subjecting the land to a lien as collateral to that promise. Both averments were denied. The burden of

proof was on the plaintiff, and he submitted his case without putting in any evidence on the points so put in issue.

It is suggested in argument that the complaint may be considered as averring that the lands were conveyed by the Elders to the defendants in trust that they would pay a certain portion of the purchase money to the plaintiff. Passing the question of whether any such construction can be claimed for the complaint, it is apparent that the trust cannot be wrought out except by putting to use the original agreement of the defendants in its bearing upon themselves *in personam* and upon the land *in rem*. But that agreement having been put in issue in both of its branches, it behooved the plaintiff to prove it in both. He proved it in neither.

It is said that the complaint charges that the defendants took the land " subject to the mortgage." But the failure to deny the averment cannot avail the plaintiff. The averment is but a conclusion of law—drawn by the pleader—and apparently from the previous averment that the mortgage was duly recorded on the day it bears date. But at all events the averment is but a conclusion of law, and the defendants might safely omit to traverse it.

Further, the allegations that the defendants paid interest for a time to the plaintiff on the Pangburn note by checks drawn therefor, and that they have always admitted their liability to pay it and the principal also, and that the defendants indorsed the payments of interest upon the note and took receipts therefor and made entries in their books of such payments, are at the most but evidence to prove the original undertakings of the defendants upon which the action is based; and as averments of evidence and not of facts, the defendants were not obliged to respond to them. (*Moore* v. *Murdock*, 26 Cal. 515; *Canfield* v. *Tobias*, 21 Cal. 349; *Racouillat* v. *Rene*, 32 Cal. 450.) But should it be considered that these averments bear upon the Statute of Limitations relied upon as a defence to the action in the first aspect under which we have treated it, they are all mere evidence of the statute avoidance of the bar, except the allegation that " the defend-

ants have always admitted their liability to pay the principal and interest due on the [Pangburn] note and mortgage." This allegation might, perhaps, suffice to remove the bar, did it not appear affirmatively on the face of the complaint that the defendants were never in fact liable upon the note. They did not make it, they never indorsed it, they never guaranteed it, nor promised collaterally to pay it. The only liability of the defendants which the complaint discloses springs from the original promise to the Elders, and all other grounds are necessarily excluded. Furthermore, it is obvious that the alleged admission by the defendants of a liability on the Pangburn note, goes very clearly to an assumption by them of a promise made by another, rather than to the renewal of one made by themselves, as previously argued.

Judgment affirmed.

Mr. Justice RHODES did not express an opinion.