[No. G007426. Fourth Dist., Div. Three. Feb. 28, 1990.]

COUNTY OF ORANGE, Plaintiff and Respondent, v.
CLASSIFIED INSURANCE CORPORATION, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein, E. Alan Nunez and Mark Bernstein for Defendant and Appellant.

Adrian Kuyper, County Counsel, and Karyn J. Driessen, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

MOORE, J.—This appeal involves a question of first impression, and requires us to construe Penal Code section 1306, subdivision (e), which provides the right to enforce a summary judgment against a bail bondsman expires two years after entry of judgment.[1]

The lower court concluded an appeal tolls the collection process, such that the two-year period runs from the date of the filing of the remittitur.

We hold the two-year period for enforcement is a jurisdictional limitation and, because the taking of an appeal does not toll the running of the enforcement period, we reverse.

FACTS

Classified Insurance Corporation (Classified) posted a bail bond for the release of a criminally charged defendant from custody pending trial. When that individual failed to appear in court as directed, the bail was declared forfeited. On November 7, 1985, summary judgment was entered on the forfeiture, pursuant to section 1306. Classified's motion to set aside the judgment was denied and it appealed from both the judgment and order on March 17, 1986. This court affirmed the judgment in an unpublished opinion, expressing no opinion on Classified's contention the County of Orange (County) lost the ability to execute on the bond by failing to do so within two years of the entry of judgment. Remittitur issued on July 25, 1988.

County took no action to enforce the judgment until August 3, 1988, when, for the first time, it demanded Classified satisfy the judgment or suffer sanctions. Classified then moved to set aside the summary judgment or permanently stay execution. While noting the lack of published authority on section 1306, subdivision (e), the lower court denied Classified's motion, finding "the appellate process tolls the collection process. The County has two years from the date of filing of the remititur [sic] within which to collect the judgment." Classified appeals.

---

[1] Unless otherwise noted, all statutory references are to the California Penal Code.

DISCUSSION

■ The enforcement of a bail bond forfeiture is regulated by statute. The surety contract contains a consent to the entry of summary judgment upon forfeiture (§§ 1278, 1287), and, after a 180-day grace period (§ 1305, subd. (a)), judgment must be entered. (§ 1306, subd. (a).)

Other time limits contained in sections 1305 and 1306 have been held to be jurisdictional. For example, if a judgment is not entered within 90 days after the 180-day grace period, the right to entry of summary judgment expires and the bail is exonerated. (§ 1306, subd. (b).) The 90-day period in section 1306, subdivision (b) has been found to be jurisdictional. (*People* v. *Surety Ins. Co.* (1973) 30 Cal.App.3d 75, 79-80 [106 Cal.Rptr. 220].) Accordingly, an order denying a motion to set aside the forfeiture does not toll the 90-day period. (*County of Sacramento* v. *Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 564-565 [188 Cal.Rptr. 736]; see also *County of Los Angeles* v. *Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263] [reversible error to add five days for mailing, pursuant to Civ. Proc. Code, § 1013].) Other provisions of sections 1305 and 1306 have been held to be jurisdictional. (See e.g. *People* v. *Ramirez* (1976) 64 Cal.App.3d 391, 398 [134 Cal.Rptr. 511] [180-day period]; *People* v. *Earhart* (1972) 28 Cal.App.3d 840 [104 Cal.Rptr. 322] [30-day period for notice of forfeiture].)

■ Under section 1306, subdivision (e), "[t]he right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of the judgment." The question presented is whether the two-year period is tolled by the taking of an appeal.

■ Section 1306 itself is clear and unambiguous, and "statutory provisions relating to time generally will be construed as mandatory where consequences or penalties are attached to the failure to observe the provision within a given time." (*County of Sacramento* v. *Insurance Co. of the West, supra*, 139 Cal.App.3d at pp. 565-566.) Statutes imposing forfeitures are strictly construed. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385].)

■ Nothing in the language of the Penal Code provisions governing forfeiture and exoneration of bail indicates the period of enforcement is stayed by the taking of an appeal. Although no published cases have yet so held, the Attorney General has opined that the filing of a notice of appeal does not stay the period of enforcement: "We find no provision in the bail bond forfeiture statutes allowing for an automatic stay of the enforcement of a summary judgment upon the filing of a notice of appeal . . . . Consequently, the notice of appeal does not stay enforcement of the summary

judgment of bail bond forfeiture unless a new undertaking is given as provided in [Code of Civil Procedure] section 917.1." (67 Ops.Cal.Atty.Gen. 382, 383-384 (1984).)

A bail forfeiture proceeding is a special proceeding, civil in nature, and governed by the rules which govern all civil appeals. (*Moore* v. *Ohio Casualty Ins. Co.* (1983) 140 Cal.App.3d 988, 992, fn. 2 [189 Cal.Rptr. 829].) Such a judgment is like any other civil judgment. We note, for example, that like any civil money judgment, a bail bond forfeiture judgment draws post-judgment interest. (*County of Los Angeles* v. *Classified Ins. Corp.* (1987) 197 Cal.App.3d 60, 63-64 [242 Cal.Rptr. 673].) And, enforcement of such a judgment is stayed only if an appeal bond is posted. (Civ. Proc. Code, § 917.1, subd. (a).)[2]

At oral argument, County cited *County of Los Angeles* v. *Surety Ins. Co.* (1989) 207 Cal.App.3d 1126 [255 Cal.Rptr. 322], for the proposition that Code of Civil Procedure section 917.1 does not provide for the posting of an appeal bond in a bail forfeiture proceeding. However, that case is factually distinguishable. There, the surety appealed from an order denying its motion to vacate a summary judgment. The court noted section 917.1 did not provide for the posting of an appeal bond on that order, since it was not a money judgment or an order directing payment of money. (*Id.* at p. 1131.) Here, Classified appealed from both the summary judgment and a ruling denying the motion to set aside that judgment. The summary judgment ordered Classified to pay County $25,000, with interest and costs. Clearly then Classified's appeal is from a money judgment, within the meaning of Code of Civil Procedure section 917.1. Enforcement of the judgment was not stayed absent the posting of a bond.

In the instant case, no appeal bond was posted, so the two-year period for enforcement under section 1306, subdivision (e) began to run on November 7, 1985. County did not seek to enforce its judgment until August 3, 1988. By that time, its right to enforce the judgment had expired.

County contends its policy has been not to enforce bail bond summary judgments while an appeal is pending. If so, that policy was in conflict with a clear reading of section 1306, subdivision (e). It was also in conflict with the Attorney General's opinion on the issue. (67 Ops.Cal.Atty.Gen. 382, *supra*.)

County contends section 1308, providing for a disqualification sanction, must be read in conjunction with section 1306, subdivision (e). It argues

---

[2] California Code of Civil Procedure section 917.1, subdivision (a) provides "[t]he perfecting of an appeal shall not stay enforcement . . . if the judgment or order is for money or directs the payment of money, . . . unless an undertaking is given."

that while an appeal was pending, section 1308 precluded imposition of disqualification sanctions against a bondsman, and that, therefore, the procedures for enforcement of the money judgment must also be stayed, pursuant to section 1306, subdivision (e). The argument lacks merit.

Section 1308 provides that if a surety against whom a summary judgment has been entered fails to pay the judgment or initiate proceedings to test the validity of the forfeiture within 20 days after the filing of the notice of its entry, that surety shall not be accepted as a surety on bail.[3] Section 1308 benefits the county, in that it encourages prompt action by the surety. It does not suggest a stay of the enforcement provisions of 1306, subdivision (e).

Moreover, County concedes, as it must, section 1306, subdivision (d)(2) mandates the enforcement of a bail bond forfeiture summary judgment in the manner provided "for enforcement of money judgments generally." That section also notes that if such a judgment is appealed "[t]he undertaking shall comply with the enforcement requirements of Section 917.1 of the Code of Civil Procedure."[4] The plain language of section 1306 indicates a summary judgment on a bail bond forfeiture is a money judgment to be treated in the same manner as "money judgments generally." There is no indication in section 1306, subdivision (e) that the time for enforcement of the summary judgment is stayed under any circumstances. On the contrary, consistent with the Attorney General's opinion, section 1306, subdivision (d)(2) indicates the period is not stayed by an appeal, unless a bond is posted as required by Code of Civil Procedure section 917.1.

---

[3] At all times relevant here, section 1308 provided: "No court or magistrate shall accept any person or corporation as surety on bail if any summary judgment against any such person or corporation entered pursuant to Section 1306 remains unpaid after the expiration of 20 days after service of notice of entry of such summary judgment; provided, that, if during such 20 days any action or proceeding available in the law is initiated in the same or other court to determine the validity of the order of forfeiture or summary judgment rendered thereon, the provisions of this section shall be inoperative until such action or proceeding has finally been determined . . . ." (Effective Apr. 7, 1978 to July 23, 1987.) As noted, the section was amended, effective July 24, 1987, to provide that "this section shall be rendered inoperative until that action or proceeding has finally been determined, provided that an appeal bond is posted in compliance with Section 917.1 of the Code of Civil Procedure. . . ."

[4] Section 1306, subdivision (d) provides in pertinent part as follows: "The district attorney or civil legal advisor of the board of supervisors shall: [¶] (1) Demand immediate payment of the judgment within 30 days after the summary judgment becomes final. [¶] (2) If the judgment remains unpaid for a period of 20 days after demand has been made, shall forthwith enforce the judgment in the manner provided for enforcement of money judgments generally. If the judgment is appealed by the surety or bondsman, the undertaking required to be given in such cases shall be provided by a surety other than the one filing the appeal. The undertaking shall comply with the enforcement requirements of Section 917.1 of the Code of Civil Procedure."

Given the mandatory language of section 1306, subdivision (e), and the statutory and case law discussed herein, we hold the right to enforce a summary judgment entered against a bail bondsman pursuant to section 1306, subdivision (e) shall expire two years after entry of that judgment, and that this time limit is not automatically stayed upon the filing of a notice of appeal by the bondsman.

County took no action to enforce the summary judgment for well over two years. Its right to enforce the judgment thus expired. The trial court erred in denying Classified's motion to permanently stay execution.

Classified also asks this court to vacate the summary judgment itself. This we may not do. As noted, the summary judgment was previously appealed by Classified and affirmed by this court. ■ Under well-established case law, a valid, final judgment is not void simply because, over passage of time, it becomes unenforceable. (See e.g. *Laubisch* v. *Roberdo* (1954) 43 Cal.2d 702, 713-714 [277 P.2d 9].)

In conclusion, the lower court's denial of Classified's motion to permanently stay execution is reversed, and the trial court directed to permanently stay execution. Classified shall recover its costs on appeal.

Wallin, Acting P. J., and Sonenshine, J., concurred.