[No. G034799. Fourth Dist., Div. Three. Jan. 31, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN CONTRACTORS INDEMNITY COMPANY, Defendant and
Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Wendy J. Phillips, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**FYBEL, J.**—

### INTRODUCTION

The County of Orange (the County) obtained summary judgment on a bail bond forfeiture, and the bail bond company appealed from an order denying a

motion to vacate the summary judgment. The California Supreme Court ultimately held the summary judgment was voidable, not void, and the motion to vacate the judgment was untimely.

After the California Supreme Court's opinion issued, the County attempted to enforce the judgment. The bail bond company refused to pay, claiming the two-year limitation period for enforcement of a bail bond forfeiture summary judgment had expired during the pendency of the appeal. (Pen. Code, § 1306, subd. (f).) The bail bond company again moved to set aside the judgment, or alternatively to permanently stay its enforcement. The trial court denied the motion, and this appeal followed.

■ In *County of Orange v. Classified Ins. Corp.* (1990) 218 Cal.App.3d 553 [267 Cal.Rptr. 73], a panel of this court concluded an appeal from a summary judgment on a bail bond forfeiture did not automatically stay enforcement of the judgment. We now hold an appeal from an order denying a motion to set aside the summary judgment on a bail bond forfeiture also does not stay the judgment's enforcement. No bond was posted during the period in which the first appeal was pending, so enforcement of the judgment was not stayed and the two-year limitation period expired. Neither equitable nor judicial estoppel supports barring the assertion of the limitation period. Therefore, the trial court should have granted the motion to permanently stay enforcement of the judgment. We reverse.

STATEMENT OF FACTS

On September 19, 1999, American Contractors Indemnity Company (ACIC) posted bail bond No. AUL-2004418 for the release of Juan Paredez Garcia from custody. On August 7, 2000, Garcia failed to appear for trial and the trial court ordered the bail bond forfeited. The court mailed a notice of forfeiture to ACIC on August 14. On February 15, 2001, the trial court prematurely entered summary judgment on the forfeited bail bond. (The court is authorized to enter summary judgment on a forfeited bail bond 185 days after mailing the notice of forfeiture. (Pen. Code, §§ 1305, 1306, subd. (a).) In this case, the court entered summary judgment one day early.)

On January 7, 2002, ACIC filed a motion to set aside the summary judgment and exonerate bail. The trial court denied the motion on January 29. ACIC appealed "from the order of January 29 . . . and from the summary judgment herein." The Court of Appeal, Fourth Appellate District, Division Two, affirmed the trial court's order, concluding the prematurely entered

summary judgment was voidable, not void. (*People v. American Contractors Indemnity Co.* (2003) 112 Cal.App.4th 613 [11 Cal.Rptr.3d 309], review granted Dec. 23, 2003, S120474.) The appellate court then concluded ACIC's motion to set aside the February 15, 2001, judgment, which was filed almost a year after judgment was entered, was untimely. (*Ibid.*) The Supreme Court affirmed. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653 [16 Cal.Rptr.3d 76, 93 P.3d 1020].)

During the pendency of the first appeal, no bond was posted to stay enforcement of the judgment. Soon after the Supreme Court issued its opinion, ACIC moved to set aside or permanently stay enforcement of the summary judgment on the ground the County's right to enforce the judgment had expired in February 2003, two years after summary judgment was entered. The trial court denied the motion, and ACIC timely appealed.

DISCUSSION

I.

THE PENDENCY OF THE FIRST APPEAL DID NOT AUTOMATICALLY STAY ENFORCEMENT OF THE SUMMARY JUDGMENT.

Does an appeal from an order denying a motion to set aside summary judgment on a bail bond forfeiture and to exonerate bail automatically stay enforcement of the judgment and toll the two-year time period within which the judgment can be enforced? No.

A typical judgment can be enforced anytime within 10 years of its entry. (Code Civ. Proc., § 683.020.) In contrast, "[t]he right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of the judgment." (Pen. Code, § 1306, subd. (f).)

More than 15 years ago, a panel of this court held an appeal from a summary judgment on a bail bond forfeiture does not automatically stay enforcement of the judgment and does not toll the two-year enforcement period. (*County of Orange v. Classified Ins. Corp., supra,* 218 Cal.App.3d at pp. 556–557, 558–559.)[1]

---

[1] ACIC argues the holding of *County of Orange v. Classified Ins. Corp., supra,* 218 Cal.App.3d 553, is dispositive of the present case. The County admits that case is similar to the present case, but argues it is sufficiently distinct on the facts and the law that it cannot be dispositive. We agree that *County of Orange v. Classified Ins. Corp.* is not dispositive, and therefore proceed with the analysis.

ACIC purported to appeal from the summary judgment and the order denying the motion to set it aside. If ACIC's first appeal was from the summary judgment, enforcement would not have been stayed because no separate undertaking was given. (Code Civ. Proc., § 917.1, subd. (a)(1).) The appeal could not have been from the judgment, however, because the time to appeal from the judgment had long since expired. (Cal. Rules of Court, rule 2.)

■ The County argues that ACIC's appeal from the order denying the motion to set aside the summary judgment automatically stayed enforcement of the judgment. Generally, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).) An appeal from an order denying a motion to set aside the judgment does not embrace or affect the judgment itself. Therefore, ACIC's appeal could not have stayed enforcement proceedings on the part of the County as to the judgment. It would be anomalous if an appeal from a judgment did not stay enforcement of the judgment absent posting a bond, under Code of Civil Procedure section 917.1, subdivision (a)(1), but an appeal from an order denying a collateral challenge to the judgment did so under Code of Civil Procedure section 916.

The legislative purpose of the two-year limitation period in Penal Code section 1306, subdivision (f), is to expedite enforcement of these judgments. (See *County of Orange v. Classified Ins. Corp., supra,* 218 Cal.App.3d at p. 558 ["There is no indication in section 1306, [former] subdivision (e) that the time for enforcement of the summary judgment is stayed under any circumstances"].)[2] Permitting ACIC to delay the enforcement process by refusing to pay on the judgment, and then filing an appeal from the denial of an unmeritorious motion to set aside the judgment when the County begins enforcement proceedings would not further the legislative policy. Similarly, permitting the County to enforce the judgment almost three years after the enforcement period expired would not further the legislative policy underlying section 1306.

Given the language and purpose of Penal Code section 1306, the language of Code of Civil Procedure section 916 and the holding of this court's prior opinion in *County of Orange v. Classified Ins. Corp., supra,* 218 Cal.App.3d 553, we conclude the trial court erred by denying ACIC's motion to permanently stay enforcement of the judgment.

---

[2] In 1991, after the opinion in *County of Orange v. Classified Ins. Corp., supra,* 218 Cal.App.3d 553, was filed, the Legislature amended Penal Code section 1306. At that time, former subdivision (e) was redesignated as subdivision (f), without substantive change. (Stats. 1991, ch. 90, § 25, p. 438.)

## II.

### ACIC'S ARGUMENT IS NOT BARRED BY EQUITABLE OR JUDICIAL ESTOPPEL.

The County also argues on appeal that ACIC should be barred from raising the issue of unenforceability of the judgment by virtue of the equitable doctrines of judicial estoppel and equitable estoppel. We conclude that neither doctrine applies in this case.

■ "A valid claim of equitable estoppel consists of the following elements: (a) a representation or concealment of material facts (b) made with knowledge, actual or virtual, of the facts (c) to a party ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that the ignorant party act on it, and (e) that party was induced to act on it. [Citations.]" (13 Witkin, Summary of Cal. Law (10th ed. 2005) Equity, § 191, pp. 527–528.) There was neither a misrepresentation of facts by ACIC, nor ignorance of the facts by the County. The dates on which the summary judgment and orders were entered are not in dispute, and the parties were well aware of the two potentially applicable statutes and the case law.

■ " ' "Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." ' [Citation.] The doctrine applies when: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (the court adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. [Citation.]" (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 212, 235 [26 Cal.Rptr.3d 798].) We cannot say ACIC took two totally inconsistent positions in the two appeals. The County faults ACIC for continuing to pursue the first appeal through a decision in the California Supreme Court after the date on which ACIC now claims the judgment became unenforceable. Despite the assurance with which ACIC makes its argument in this appeal, it was certainly debatable whether enforcement would be stayed by the pendency of the first appeal, as evidenced by the County's arguments in this appeal. Further, by holding its alternative argument in reserve until it was relevant and necessary to assert it, ACIC did not commit any offense against the judicial system.[3]

---

[3] ACIC was not successful in asserting the first position—that the summary judgment was void—and that is further grounds for our refusal to apply judicial estoppel in this case. Because judicial estoppel is an equitable doctrine, it cannot be ruled out that circumstances

## DISPOSITION

The postjudgment order is reversed, and the trial court is directed to enter an order permanently staying enforcement of the summary judgment. Appellant to recover costs on appeal.

Sills, P. J., and Aronson, J., concurred.

A petition for a rehearing was denied February 27, 2006, and the opinion was modified to read as printed above.

---

could warrant its application even if the party against whom it is applied was unsuccessful in an earlier proceeding. (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183, fn. 8 [70 Cal.Rptr.2d 96].)