Filed 4/19/19; Certified for publication 5/14/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COUNTY OF ORANGE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SENECA INSURANCE COMPANY,<br><br>    Defendant and Appellant. | G055660<br><br>(Super. Ct. No. 30-2017-00913115)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh for Defendant and Appellant.

Leon J. Page, County Counsel, and Suzanne E. Shoai, Deputy County Counsel, for Plaintiff and Respondent.

This case requires us to interpret Penal Code section 1308, subdivision (a),[1] which concerns a person or company's ability to act as a surety on bail when a prior summary judgment against it stemming from a bail forfeiture remains unpaid. We find the statutory language is unambiguous. It specifies, without exception, that if an appeal bond is not posted and a bail forfeiture related summary judgment remains unpaid after 30 days from service of the notice of entry of judgment, the indebted person or company may not be accepted as a surety on bail. In this case it is undisputed there is an unpaid summary judgment against appellant Seneca Insurance Company. Consequently, we affirm the trial court's order suspending its ability to act as a surety.

### FACTS AND PROCEDURAL HISTORY

To secure a criminal defendant's release from custody, appellant posted a $100,000 bail bond. The defendant later failed to appear in court as ordered, so the trial court ordered the bond forfeited, and the clerk sent appellant and its bond agent a notice of forfeiture. Appellant did not thereafter bring defendant to court and it made no attempt to exonerate the bond within the statutory time period for doing so.

With no request for exoneration of the bond, the trial court entered summary judgment against appellant on it and appellant was served with a notice of entry of judgment. Appellant unsuccessfully moved to set aside the summary judgment, discharge the forfeiture and exonerate the bond. This court affirmed the denial of relief in an unpublished opinion. (*People v. Seneca Insurance Co.* (Dec. 13, 2016, G051890) [nonpub. opn.].)

After multiple fruitless attempts to obtain payment on the judgment, respondent filed a request for an order to show cause, seeking to disqualify appellant from acting as a surety on bail in Orange County pursuant to section 1308. The trial court issued the requested order to show cause.

---

[1] All further statutory references are to the Penal Code.

2

Appellant opposed respondent's request and filed a motion of its own. Appellant's motion once again asked the court to exonerate the bond; it also asked the court to permanently stay enforcement of the judgment.

The trial court heard the matters together. With respect to appellant's motion, the court declined to exonerate the bail, but it granted a permanent stay of enforcement of the judgment pursuant to section 1306, subdivision (f), because more than two years had elapsed since its entry.

As for respondent's request, the court (1) found appellant did not pay the judgment, (2) determined the judgment's underlying validity was not affected by the fact it could no longer be enforced, and (3) concluded, therefore, suspension of appellant's ability to act as a surety on bail was required pursuant to section 1308.

## DISCUSSION

"The forfeiture of bail and related proceedings are a matter of statutory procedure governed by sections 1305 through 1308. [Citation.] 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' [Citation.] 'While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature.' [Citation.] In that regard, the bail bond itself is a '"contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond."' [Citation.] When a defendant who posts bail fails to appear at a scheduled hearing, the forfeiture of bail implicates not just the defendant's required presence, but constitutes a 'breach of this contract' between the surety and the government. [Citation.] Ultimately, if the defendant's nonappearance is without sufficient excuse, it is the surety who 'must suffer the consequences.' [Citation.]" (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 709.)

3

Here, we are concerned with what happens after bail has been forfeited, a court has entered summary judgment against the surety on the full amount, an appeal concerning the judgment is taken without the posting of an appeal bond, the judgment is affirmed on appeal, and the surety thereafter does not pay the judgment.

Section 1308, subdivision (a) provides: "No court or magistrate shall accept any person or corporation as surety on bail if any summary judgment against that person or corporation entered pursuant to Section 1306 remains unpaid after the expiration of 30 days after service of the notice of the entry of the summary judgment, provided that, if during the 30 days an action or proceeding available at law is initiated to determine the validity of the order of forfeiture or summary judgment rendered on it, this section shall be rendered inoperative until that action or proceeding has finally been determined, provided that, if an appeal is taken, an appeal bond is posted in compliance with Section 917.1 of the Code of Civil Procedure."

Based on the statute's unambiguous language, which we must adhere to in interpreting it (*In re Tabacco II Cases* (2009) 46 Cal.4th 298, 315), if an appeal bond is not posted and a summary judgment remains unpaid after 30 days from service of the notice of entry of judgment, the indebted person or company may not be accepted as a surety on bail. (See *County of Orange v. Classified Ins. Corp.* (1990) 218 Cal.App.3d 553, 556 ["'[S]tatutory provisions relating to time generally will be construed as mandatory where consequences or penalties are attached to the failure to observe the provision within a given time'"].) The statute does not provide for any exception to this outright prohibition.

Appellant does not dispute that under normal circumstances, it would be precluded from acting as a surety as a result of the summary judgment against it that remains unpaid. But it urges the present situation is different because, as the trial court determined, the judgment is now unenforceable under section 1306, subdivision (f), due to the passage of time.

4

Appellant's interpretation is not supported by anything in the statutory language or case law. Section 1306, subdivision (f) merely sets a time limit for enforcement of a judgment entered against a surety. Specifically, it states: "The right to enforce a summary judgment entered against a bondsman pursuant to this section shall expire two years after the entry of the judgment." (§ 1306, subd. (f).) But as this court previously explained in a case concerning bail bonds and forfeiture, "a valid, final judgment is not void simply because, over passage of time, it becomes unenforceable." (*County of Orange v. Classified Ins. Corp., supra*, 218 Cal.App.3d at p. 559; see *Green v. Zissis* (1992) 5 Cal.App.4th 1219, 1222 [rejecting argument that original judgment became invalid when it could no longer be enforced pursuant to a statutory time limitation].) Thus, while respondent may not collect on the judgment, the judgment still stands and is still grounds for disqualification of a surety under section 1308.

The independent functioning of these provisions is consistent with the distinct purposes underlying each. Section 1306, subdivision (f) benefits the surety, as it encourages prompt action by the county to enforce a judgment lest it be rendered valueless, from a monetary standpoint. (*People v. American Contractors Indemnity Co.* (2006) 136 Cal.App.4th 245.) In contrast, section 1308, subdivision (a), benefits the county by urging prompt action by the surety in paying a judgment—something that results from the surety's original contractual guarantee to the county. (*County of Orange v. Classified Ins. Corp., supra*, 218 Cal.App.3d at p. 558.)

In short, because it is undisputed appellant still has not paid the judgment at issue, the trial court did not err in concluding appellant may not act as a surety on bail so long it remains unpaid. (§ 1308, subd. (a).)

5

## DISPOSITION

The order is affirmed.  Respondent shall recover its costs on appeal.


THOMPSON, J.

WE CONCUR:


ARONSON, ACTING P. J.


IKOLA, J.

6

Filed 5/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| COUNTY OF ORANGE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SENECA INSURANCE COMPANY,<br><br>    Defendant and Appellant. | G055660<br><br>(Super. Ct. No. 30-2017-00913115)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

Respondent requested that our opinion, filed on April 19, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).

The request for publication is GRANTED. The opinion is ordered published in the Official Reports.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.