Filed 9/1/21  P. v. Allegheny Casualty Co. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALLEGHENY CASUALTY COMPANY, Defendant and Appellant. | B306969 (Los Angeles County Super. Ct. Nos. SJ4655 BA476585) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Dismissed.

Law Office of John Rorabaugh, John Mark Rorabaugh and Crystal L. Rorabaugh, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

_____

When a criminal defendant who has been released on bail fails to appear in court, a 185-day period known as the "appearance period" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658 (*American Contractors*)) must pass before a court may enter judgment forfeiting the bail.  (See Pen. Code,[1] §§ 1305, 1306.)  Defendant and appellant Allegheny Casualty Company (Allegheny) provided a bond for one such criminal defendant who did not appear within that period.  Allegheny, nonetheless, argues that the court erred in entering summary judgment of forfeiture because in April 2020, the Judicial Council enacted an emergency rule in response to the COVID-19 pandemic tolling all statutes of limitations in civil cases.  Allegheny contends that the appearance period is a statute of limitations, and that the trial court erred by entering summary judgment against it while the appearance period was tolled.

We dismiss the appeal because summary judgment in bail forfeiture cases is a consent judgment, and is not appealable when, as here, it was entered pursuant to the terms of the surety's consent.

## BACKGROUND ON BAIL BOND STATUTES

"When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond.  (§ 1305, subd. (a).)  The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period.  (§ 1305, subd. (b).)

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused.  (§ 1305, subd. (c)(1).)  The trial court may also [extend] the appearance period . . . by no more than 180 days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension.  (§§ 1305, subds. (e), (i), 1305.4.)" (*American Contractors*, *supra*, 33 Cal.4th at p. 658, fn. omitted.)  If the forfeiture is not vacated by the time the appearance period, including any extension, has expired, the trial court must "enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound."  (§ 1306, subd. (a).)  If the trial court does not enter summary judgment "within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."  (§ 1306, subd. (c).)

## FACTS AND PROCEEDINGS BELOW

This case involves a relatively straightforward application of the laws described above.  On or around May 17, 2019, Allegheny, acting through its agent Answer Bail Bonds, posted a $30,000 bond on behalf of a criminal defendant, Jaime Banegas. Banegas failed to appear in court as required five days later, and the trial court declared the bail forfeited.  (See § 1305, subd. (a)(1).)  On December 13, 2019, Allegheny filed a motion to extend the appearance period by 180 days (see § 1305.4), which the trial court granted.  Banegas did not appear in court by the new June 10, 2020 deadline, and on June 30, the trial court entered summary judgment against Allegheny in the amount of the bond.  (See § 1306, subd. (a).)

3

**DISCUSSION**

Allegheny contends that the trial court erred by entering summary judgment because on April 6, 2020, the Judicial Council enacted emergency rule 9 of the California Rules of Court, appendix I (emergency rule 9), which provides that, "[n]otwithstanding any other law, "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." (Cal. Rules of Court, appen. I, emergency rule 9(a).)[2] On May 29, 2020, the Judicial Council added an Advisory Committee comment to the rule explaining that the rule "is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action," and that "[t]he term 'civil causes of action' includes special proceedings." (Advisory Com. com, Cal. Rules of Court, appen, I, emergency rule 9.) Although bail forfeiture proceedings are connected to criminal cases, the case law defines them as "special proceeding[s], civil in nature." (*County of Orange v. Classified Ins. Corp.* (1990) 218 Cal.App.3d 553, 557; accord, *People v. The North River Ins. Co.* (2017) 18

---

[2] A similar provision applied to statutes of limitation and repose of 180 days or fewer. Under emergency rule 9(b), these were tolled from April 6, 2020 until August 3, 2020. (See Cal. Rules of Court, appen. I, emergency rule 9(b).) Section 1305 establishes an appearance period of exactly 180 days, but adds five more days to account for the time to mail notice of the forfeiture to the surety. (§ 1305, subd. (b)(1).) We assume that the appearance period consists of 185 days, including the mailing period, for purposes of emergency rule 9, but we need not decide the issue because it makes no difference to the outcome of the appeal.

4

Cal.App.5th 863, 875.) On this basis, Allegheny argues that emergency rule 9 applies to Banegas's forfeiture proceeding, and that the trial court was barred from entering summary judgment during the period covered by the rule.

We need not consider the merits of Allegheny's claim because the judgment in this case was a consent judgment and therefore was not appealable. (See *County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795.) Allegheny contends that the judgment was appealable under an exception to the rule: The rule applies only where the court enters judgment " 'pursuant to the terms of the consent, which by its terms requires compliance with the jurisdictional prescriptions contained in . . . sections 1305 and 1306. If the judgment is not entered in compliance with the consent given, the judgment is appealable.' " (*Ibid.*, quoting *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219; accord, *People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 25, fn. 2.) We do not agree that the summary judgment in this case was outside the scope of Allegheny's consent. Emergency rule 9 did not exist at the time Allegheny agreed to act as Banegas's surety, so Allegheny's consent could not have been conditioned on the application of the rule. The trial court entered summary judgment in accordance with the law as it existed when Allegheny agreed to serve as surety, and the judgment was consistent with Allegheny's consent.

Allegheny seeks to avoid dismissal of the instant appeal by relying on our Supreme Court's statement in *American Contractors* that "[t]he surety is on notice of the entry of judgment, and can move to have the judgment set aside or appeal it." (*American Contractors*, *supra*, 33 Cal.4th at p. 664.)

5

Allegheny improperly divorces this quotation from the context in which it arose.

The issue in *American Contractors* was whether the surety could collaterally attack a summary judgment the trial court had entered one day before the expiration of the appearance period where the surety had failed to move to set aside that entry of summary judgment or to appeal it before the judgment became final. Our Supreme Court held it could not, and in doing so, expressly rejected the inefficiency and gamesmanship a contrary rule would have allowed. "[C]ollateral attack on a voidable but final judgment is not available absent unusual circumstances, not present in this case, that precluded earlier challenge of the judgment. Rather, a voidable judgment must be challenged while the trial court or Court of Appeal can still correct the mistake. [The surety] concedes . . . it knew the judgment was premature, and deliberately waited nearly a year until after the time to enter a timely judgment had passed, before bringing the issue to the trial court's attention." (*American Contractors, supra*, 33 Cal.4th at p. 665.) We thus fail to discern how *American Contractors* assists Allegheny's cause here.

Similarly, our conclusion is not contrary to the principle that bail forfeiture laws "must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture." (*People v. Surety Ins. Co., supra*, 165 Cal.App.3d at p. 26.) Allegheny could have filed a motion in the trial court to set aside summary judgment. If the court had denied the motion, the court's order would have been appealable. (See *People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559, 562, fn. 2.) To require Allegheny to bring its claim in the trial court in order to preserve it for appeal is not excessively harsh. Instead, it is consistent with the

fundamental rule that "[a]n appellate court will ordinarily not consider procedural defects or erroneous rulings in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method." (13 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 400; accord, *Gonzalez v. County of Los Angeles* (2004) 122 Cal.App.4th 1124, 1131.) This rule exists because " 'it would be unfair to allow counsel to lull the trial court and opposing counsel into believing the statement of decision was acceptable, and thereafter to take advantage of an error on appeal although it could have been corrected at trial. . . . It is clearly unproductive to deprive a trial court of the opportunity to correct such a purported defect by allowing a litigant to raise the claimed error for the first time on appeal.' " (*Rebney v. Wells Fargo Bank* (1991) 232 Cal.App.3d 1344, 1350.)

The logic of this rule is even stronger in bail forfeiture proceedings because of the strict time limits applicable in these cases.[3] As we noted above, the trial court is required to enter summary judgment once the appearance period has expired, but must act within 90 days. (See § 1306, subds. (a) & (c).) The time limits are jurisdictional, and if the trial court does not

---

[3] It is also important to keep in mind that summary judgment is fundamentally different in certain respects in a bail forfeiture proceeding than in a typical civil action. Unlike in an ordinary case, where the trial court enters summary judgment only after both sides have had an opportunity to argue their positions (see Code Civ. Proc., § 437c), the trial court in a bail forfeiture proceeding may enter summary judgment on its own motion when the appearance period expires. Unless the surety files a motion to contest the entry of summary judgment, the court will have no idea of any potential defect in the judgment.

enter summary judgment within the designated period, it lacks authority to do so afterward. (See *People v. Bankers Ins. Co.* (2021) 65 Cal.App.5th 350, 357–358; *American Contractors*, *supra*, 33 Cal.4th at pp. 662–663.) If the ordinary forfeiture rule did not apply to bail forfeiture proceedings, it would create a perverse incentive for sureties to sandbag the trial court by waiting to point out a simple and easily corrected error in the trial court's ruling until the appeal. By the time the Court of Appeal reversed the judgment and remanded the case to the trial court, the time limit for summary judgment inevitably would have expired, and under the terms of the statute, bail would be exonerated even though the defendant failed to appear before the end of the appearance period. (See § 1306, subd. (c).) This is precisely the gamesmanship our high court rejected in *American Contractors*.

In this case, for example, Allegheny contends that emergency rule 9 tolled the appearance period from April 6, 2020 until October 1, 2020, and that the trial court erred by entering judgment on June 30. If Allegheny is correct regarding the application of emergency rule 9, an issue we do not decide, then the appearance period, which would have expired on June 10, 2020, was extended by 179 days, to December 6, 2020. If Allegheny had objected to the entry of summary judgment on this basis before the trial court, the court could have corrected the alleged error and vacated the summary judgment, and then issued a new summary judgment after Banegas failed to appear by the extended deadline.[4] Instead, Allegheny filed this appeal, and did not file its opening brief until April 26, 2021, by which

---

[4] Trial court records indicate that Banegas appeared in court in May 2021.

time the 90-day window for entering summary judgment had closed.  The law does not require us to reward Allegheny for using these tactics.

## DISPOSITION

The appeal is dismissed.  Respondent is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.