Filed 10/14/22  P. v. International Fidelity Ins. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>INTERNATIONAL FIDELITY INSURANCE COMPANY,<br><br>        Defendant and Appellant. | A163296<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-2017-89823-1) |

Appellant International Fidelity Insurance Company (Surety) provided a bail bond for a criminal defendant who did not appear in court as required. The trial court declared a forfeiture of the bond, then, when Surety failed to vacate the forfeiture within the statutory "appearance period," entered summary judgment against Surety.  The question before us is whether an emergency rule adopted in response to the COVID-19 pandemic (Emergency rule 9) tolled the appearance period for vacating forfeitures of bail bonds. Following those courts that have addressed this issue in published opinions, we conclude Emergency rule 9 does not apply in these circumstances and accordingly affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Surety provided a bail bond of $50,000 for a criminal defendant, Matthew Williams.  Williams failed to appear in court on June 9, 2020, and

on June 11, 2020, the trial court notified Surety that its obligation to pay the bond would become absolute on December 14, 2020 unless the court earlier ordered the forfeiture set aside. Before that date, Surety moved to extend the time on the bond as it pursued efforts to locate Williams and return him to court. The trial court extended the time to July 5, 2021.

Surety brought a motion to toll the time on the bond on July 1, 2021. It argued that the proceedings were subject to Emergency rule 9, which tolled statutes of limitations for civil causes of action during the COVID-19 pandemic. The trial court denied the motion and ordered summary judgment against Surety on August 5, 2021. Judgment was entered on August 18, 2021.

## DISCUSSION

### I.  Bail Bond Forfeiture Procedures

A bail bond is a contract between the government and the surety under which the surety guarantees the defendant's appearance in court under the risk of forfeiture of the bond. (*People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 42.) "When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. ([Pen. Code,[1]] § 1305, subd. (a).) The [185-day period after] the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305, subd. (c)(1).) The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180

---

[1] All undesignated statutory references are to the Penal Code.

days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), [(h), (j)], 1305.4.)" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658, fn. omitted.)

The trial court has 90 days after the appearance period expires to enter summary judgment on the bond. (§ 1306, subds. (a), (c).) If it does not do so, the bond is exonerated. (§ 1306, subd. (c).) Summary judgment after a declaration of forfeiture "is a consent judgment entered without a hearing pursuant to the terms of the bail bond." (*People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559, 567 (*North River*).) Bail bond proceedings occur in connection with criminal cases, but they are independent of the prosecution and are civil in nature. (*People v. Financial Casualty & Surety, Inc.* (2022) 78 Cal.App.5th 879, 885 (*Financial Casualty II*).)

## II. Emergency Rule 9

Emergency rule 9, adopted by the Judicial Council and effective April 6, 2020, tolled "the statutes of limitation for civil causes of action . . . from April 6, 2020, until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted." It was later amended to provide a tolling period whose length depended on the applicable statute of limitations: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020," while shorter statutes of limitations "are tolled from April 6, 2020, until August 3, 2020.

The Advisory Committee's comment to this amendment indicates that Emergency rule 9 "is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of

3

action," including "special proceedings" under title 3 of the Code of Civil Procedure (for example, mandamus actions), as well statutes of limitations on causes of action found in codes other than the Code of Civil Procedure, such as the Family Code and the Probate Code.[2]

## III. Application of Emergency Rule 9 to Bond Forfeiture Proceedings

Surety contends that Emergency rule 9 served to toll the appearance period in bond forfeiture proceedings, and that the trial court's entry of summary judgment was therefore premature. The facts are undisputed, and we apply independent review in interpreting Judicial Council emergency rules. (*Financial Casualty II*, *supra*, 78 Cal.App.5th at p. 884; *In re M.P.* (2020) 52 Cal.App.5th 1013, 1020.)

Three published decisions have considered whether Emergency rule 9 tolls the appearance period in bail forfeiture proceedings, and each has concluded it does not. The most recent of these cases is *Financial Casualty II*. Relying on an unrelated case of the same name, *People v. Financial Casualty & Surety, Inc.* (2021) 73 Cal.App.5th 33 (*Financial Casualty I*), the court explained that a statute of limitations " ' " 'normally sets the time within which proceedings must be *commenced* once a cause of action *accrues*.' " [Citation.] "A cause of action is simply the obligation sought to be enforced against the defendant." ' " (*Financial Casualty II*, *supra*, 78

---

[2] The Judicial Council explained the background of Emergency rule 9 and the amendment in a circulating order (No. CO-20-09 found at <https://jcc.legistar.com/View.ashx?M=M&ID=790621&GUID=A0ED0998-D827-4792-9BD1-A3A4FCF939AA> [as of Oct. 14, 2022].) We grant respondent's request for judicial notice of the Judicial Council's Emergency Rules Related to COVID-19, the Adoption of Emergency Rules, and the circulating order.

4

Cal.App.5th at p. 886.) Motions for relief from bail forfeiture do not fall within these definitions. By the time the surety brings a motion for relief, several steps have already taken place: the surety has posted the bond, the defendant has failed to appear, the court has determined the surety breached the bond's guarantee, and the surety may have sought and received an extension of time to procure the defendant's appearance. (*Ibid*.) Thus, a surety seeking relief is not initiating an action or proceeding, but rather is filing a motion within an ongoing forfeiture proceeding. (*Id*. at pp. 886–887.)

Moreover, as *Financial Casualty II* explained, in seeking relief from forfeiture, "the surety is not seeking to enforce an obligation. Quite the opposite. In a motion for relief from bail forfeiture, the surety is trying to avoid the consequence of its failure to fulfill its obligation under the bond. In other words, the surety is in a defensive posture." (*Financial Casualty II*, *supra*, 78 Cal.App.5th at p. 887.) The appearance period is not a statute of limitations but a "time in which the surety may either cure its breach of the bond by producing the defendant or demonstrate why the breach should be excused." (*Ibid*.)

The court in *Financial Casualty II* looked to the Advisory Committee comment and the circulating order to resolve any ambiguity that might exist in the text of Emergency rule 9. It noted that the Advisory Committee comment states that the rule applies broadly to toll the statute of limitations on the " 'filing of a pleading in court asserting a civil cause of action.' " (*Financial Casualty II*, *supra*, 78 Cal.App.5th at p. 887.) But a motion to vacate a bail forfeiture is not a pleading that asserts a civil cause of action; rather, it is a motion within an existing action. (*Ibid*.) And the circulating order focused on the *initiation* of civil proceedings. (*Ibid*., citing "circulating order," at pp. 1, 5, 6, 9.) These materials, the court concluded, supported the

5

conclusion that Emergency rule 9 did not extend the timelines in bail forfeiture proceedings. (*Financial Casualty*, at pp. 887–888, quoting *People v. Philadelphia Reinsurance Corp.* (2021) 70 Cal.App.5th Supp. 10, 18 (*Philadelphia Reinsurance*).)

Two other cases have reached the same conclusion. Assuming without deciding that a bail forfeiture proceeding is a civil cause of action or special proceeding for purposes of Emergency rule 9, the court in *Financial Casualty I* nevertheless concluded that "the appearance period during which a surety may seek relief from forfeiture is not a statute of limitations subject to tolling under the rule." (*Financial Casualty I*, *supra*, 73 Cal.App.5th at pp. 39–40.) The court reasoned that Emergency rule 9 applies to initial pleadings that *commence* a civil cause of action or special proceeding, and a motion to vacate a forfeiture is not such a pleading. (*Id.* at p. 40.) If a forfeiture proceeding involves a cause of action or special proceeding, it is one commenced by the trial court *against* the surety for breach of the bond. (*Id.* at p. 41.)

The Appellate Division of the San Diego County Superior Court reached the same result in *Philadelphia Reinsurance*, explaining that a surety may file multiple motions under section 1305 during the appearance period, including a motion to vacate the forfeiture, to exonerate the bond, or to extend the appearance period, and that such motions are not a commencement of a civil cause of action or forfeiture proceeding. Rather, the *trial court* initiates the forfeiture proceeding when it declares a forfeiture, and these motions are "merely a *response* in an already pending bail forfeiture proceeding collateral to an ongoing criminal action." (*Philadelphia Reinsurance Corp.*, *supra*, 70 Cal.App.5th Supp. at p. 19, second set of italics omitted.)

6

Disagreeing with these authorities, Surety argues that bail forfeiture proceedings are special proceedings (see *People v. The North River Ins. Co.* (2017) 18 Cal.App.5th 863, 875), and that the filing of a bail forfeiture motion—in this case, the motion to toll the appearance period—initiates that proceeding for purposes of Emergency rule 9. Surety relies on *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380, 381, which referred to the appearance period as a statute of limitations when concluding the surety did not seek timely relief from forfeiture. The court in *Financial Casualty I* rejected the surety's reliance on *Stuyvesant* for this point, explaining that "the nature of an appearance period was not at issue in *Stuyvesant*, and the court was merely making an analogy." (*Financial Casualty I*, *supra*, 73 Cal.App.5th at pp. 41–42; see *Financial Casualty II*, *supra*, 78 Cal.App.5th at p. 888.)

Surety also draws our attention to *People v. Surety Ins. Co.* (1978) 82 Cal.App.3d 229, which considered whether section 1305's provision for "forfeiture" of a bond without a prior opportunity to be heard violates due process. (*Surety Ins. Co.*, at p. 233.) *Surety Ins. Co.* does not assist Surety. In finding no due process violation, the court explained that the action taken without prior notice and hearing was the "mere declaration of forfeiture," which did not deprive the surety of any substantial right, as its property could be seized only after expiration of a period during which the surety was on notice and had the right to a hearing. (*Id.* at pp. 238–239.) But *Surety Ins. Co.* does not establish that a demand for a hearing functioned as the initiation of an action or special proceeding; rather, it treated the *declaration of forfeiture* as the "initial step (in the nature of an order to show cause) in proceedings to forfeit the bond and render judgment against the surety." (*Id.* at pp. 236–237.)

7

Finally, Surety relies on *County of Orange v. Classified Ins. Corp.* (1990) 218 Cal.App.3d 553 for the proposition that because bail forfeiture proceedings are special proceedings, a motion "regarding relief from forfeiture 'commences' a special proceeding." But *County of Orange* says nothing about the commencement of forfeiture proceedings. It addresses whether the judgment that results from such a proceeding is stayed pending appeal. (*Id.* at p. 559.) *County of Orange* does characterize a bail forfeiture proceeding as a "special proceeding, civil in nature" (*Id.* at p. 557), but we do not quarrel with that characterization. Instead, we reject Surety's contention that it initiated the proceeding by filing its motion for relief. If Surety takes no timely action after receiving the declaration of forfeiture, summary judgment may be entered against it in the proceedings the court has thus initiated. (See *North River, supra,* 53 Cal.App.5th at p. 567.)

We agree with *Financial Casualty I*, *Financial Casualty II*, and *Philadelphia Reinsurance* that a motion made in response to a declaration of forfeiture does not commence a civil cause of action or special proceeding, that the appearance period is not a statute of limitations, and that Emergency rule 9 does not extend the appearance period in bail forfeiture proceedings. The trial court did not err in declining to toll the appearance period or in entering summary judgment.

## DISPOSITION

The judgment is affirmed.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.

*People v. International Fidelity Insurance Company* (A163296)

8